# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL MCSWAIN,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>A.M. GONZALES, Warden,<br><br>　　　　　Respondent. | NO. CV 14-4938-VAP (JEM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY** |

On June 25, 2014, Emmanuel McSwain ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"). (Docket No. 1.)

**PRIOR PROCEEDINGS**

In 2000, after a jury trial in Los Angeles County Superior Court, Case No. LA034391, Petitioner was convicted of six counts of armed robbery. (Petition at 1; Report and Recommendation of United States Magistrate Judge ("R&R"), filed on July 25, 2002, McSwain v. Garcia, Warden, Case No. CV 02-2637 VAP (MLG), at 1-2).[1] Petitioner was sentenced to 34 years and eight months in state prison. (Petition at 1; R&R at 2).

---

[1] The Court takes judicial notice of the files and records in McSwain v. Garcia, Warden, Case No. CV 02-2637 VAP (MLG). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

On March 29, 2002, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, in this Court, McSwain v. Garcia, Warden, Case No. CV 02-2637 VAP (MLG) ("Prior Petition"), challenging his conviction and/or sentence in Los Angeles County Superior Court Case No. LA034391. (R&R at 1-2). Respondent filed an Answer to the Prior Petition on May 23, 2002. Petitioner filed a Reply on July 10, 2002. On July 25, 2002, the Magistrate Judge issued his R&R, recommending that the Prior Petition be dismissed with prejudice on the merits. (R&R at 1-8). The Court adopted the R&R and dismissed the Prior Petition on September 5, 2002. (See Judgment, McSwain v. Garcia, Warden, Case No. CV 02-2637 VAP (MLG)).

On June 25, 2014, Petitioner filed the instant Petition. In the Petition, Petitioner challenges his conviction and/or sentence in Los Angeles County Superior Court Case No. LA034391. (See Petition at 1-2).

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>
> (ii) the facts underlying the claim, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second or successive petition challenging Petitioner's 2000 conviction and/or sentence in Los Angeles County Superior Court Case No. LA034391.  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010).  There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.  "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152, 127 S.Ct. 793, 796 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider the merits of Petitioner's Petition.  See Magwood, 130 S.Ct. at 2796 ("if [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S.

at 152, 127 S.Ct. at 796.  Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if and when he obtains permission to file a successive petition.[2]

Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without prejudice for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because it is a second or successive petition.  Since the Petition is clearly a second or successive petition, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

///

---

[2] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today.   When Petitioner files a new petition, the Court will give the petition a new case number.

4

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice** for lack of jurisdiction;
2. A Certificate of Appealability is **denied**.

DATED: _August 18, 2014.

*Virginia A. Phillips*

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

5